poses of sentencing. *See Anderson,* 650 A.2d at 22. Accordingly, I cannot agree with the majority's conclusion that Appellant's Section 6108 violation constitutes "any other criminal violation" for purposes of 6106(a)(2), thereby converting Appellant's Section 6106 offense from a misdemeanor into a felony. *See* Maj. Op. at 23.[3] I would reverse the decision of the Superior Court affirming Appellant's judgment of sentence.

832 A.2d 1063

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Nakia GARRUS, Appellant.**

Supreme Court of Pennsylvania.

Sept. 29, 2003.

Daniel H. Greene, Philadelphia, for Nakia Garrus.

Hugh J. Burns, Philadelphia, for Com., appellee.

3. Based on the majority's conclusions, it would seem that a violation of Section 6108 in Philadelphia simultaneously establishes Section 6106 felony gradation, thereby precluding defendants who commit a Section 6106 offense within Philadelphia from misdemeanor gradation, although such conduct would constitute a misdemeanor everywhere else in the state. Thus, as a practical matter, the majority creates a disparate rule whereby violations of Section 6106 constitute a misdemeanor of the first degree, unless the violation occurs in Philadelphia, in which case the offense becomes a felony in the third degree.

Before CAPPY, C.J. and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## *ORDER*

PER CURIAM.

Appeal dismissed as having been improvidently granted.

832 A.2d 1064

**Stanley M. SHEPP, Petitioner**

v.

**Tracey L. SHEPP, a/k/a Tracey L. Roberts, Respondent.**

Supreme Court of Pennsylvania.

Sept. 29, 2003.

## *ORDER*

PER CURIAM.

**AND NOW,** this 29th day of September 2003, we **GRANT** the Petition for Allowance of Appeal, and **LIMIT** it to the following question:

To what extent can the courts limit parents from advocating religious beliefs that, if acted upon, would constitute criminal conduct?